## REILLY v. WOLCOTT.

District Court, S. D. New York.
March 27, 1939.

L. Stewart Gatter, of New York City, for plaintiff.

Blackwell Bros., of New York City, for defendant.

LEIBELL, District Judge.

This action was commenced in the Supreme Court, New York County, and was subsequently removed to this Court on the petition of defendant. The ground of the Federal Court's jurisdiction is diversity of citizenship.

On December 2, 1938, defendant made a motion under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a more definite statement to enable defendant to properly prepare his responsive pleadings. The motion papers specifically enumerated the portions of the complaint defendant sought to have made more definite. On that motion a stipulation was made by the attorney for the plaintiff and the attorney who was then acting for the defendant, and an order, dated December 3, 1938, was entered by this Court on said stipulation.

On December 28, 1938, plaintiff served an amended complaint upon the attorney for the defendant. The only material changes it made in the original complaint were those provided for in the stipulation.

Annexed to the amended complaint was a statement "making the complaint more definite and certain" served "pursuant to order of the Court entered the 6th day of December 1938".

On January 6, 1939, there was a substitution of attorneys for the defendant. On January 21, 1939, defendant made a motion for a bill of particulars on the ground that the facts were not averred in the amended complaint with sufficient particularity to enable the defendant to properly prepare his answer or to properly prepare for trial. Some of the particulars requested were

granted and the remainder were denied. An order of this Court dated January 28, 1939, entered on said motion, specified the particulars to be furnished.

A bill of particulars, dated February 14, 1939, was verified by plaintiff's attorney February 23, 1939, and served that day.

On March 14, 1939, this present motion was made by defendant (1) to dismiss this action because the amended complaint as supplemented by the bill of particulars fails to state a claim upon which relief can be granted; (2) to dismiss this action because plaintiff has failed to properly comply with the order directing him to submit a bill of particulars; (3) to strike out specified parts of the amended complaint; (4) to strike out portions of the bill of particulars; and (5) to preclude the plaintiff from offering proof of particulars required by the aforesaid order and which are not set out in the bill of particulars.

■ (1) Under Rule 12(e) a bill of particulars becomes a part of the pleading which it supplements, and is, in effect, an amendment thereof. Hence I am of the opinion that a motion to dismiss under Rule 12(b) for failure to state a claim upon which relief can be granted may be directed to the complaint as supplemented by the bill of particulars.

■ I think that the amended complaint, as supplemented by the bill of particulars, sets forth a cause of action. It alleges a simple breach of contract; the contract, however, is not a simple one. Its numerous ramifications explain the submission of some documents, which, at first glance, may seem to have no bearing whatever on the cause of action. They are, however, diverse parts of a composite picture and the defendant's contention that plaintiff has made an election by relying on some of these documents seems unfounded at this stage of the action.

Furthermore, the sufficiency of the complaint in that it sets forth an agreement, made more definite and certain by the first three paragraphs of the aforesaid stipulation between the parties, is admitted in paragraph "4" of said stipulation. The bill of particulars does not set forth any changes in the alleged contract, but merely reiterates the same facts in greater detail.

■ (2) Defendant alleges that the bill of particulars submitted does not comply with the order directing that it be served because, in the first place, it is not verified by the plaintiff, but by his attorney. I do not think that this constitutes a fatal defect. Even so, it has been remedied by the subsequent individual verification of the plaintiff annexed to the opposing affidavits on this motion.

Defendant claims that the plaintiff has failed to supply definitely the particulars required by paragraphs "IB" and "IC" of the said order. Plaintiff consolidated paragraphs IA, B and C into one paragraph in his bill of particulars. A copy of the written agreement between Robert K. Morton and the plaintiff is annexed. It shows that Robert K. Morton was the assignee of the rights held by the Morton Systems, Inc. The only question may be that of the agreement with the American Laundry Machine Company. Although this may be set forth in a rather awkward manner, I think there is a sufficient designation of such agreement; however, plaintiff will be directed to set it forth in more specific terms.

■ Defendant claims that the particulars in response to paragraph "III A" of said order are frivolous. There is nothing frivolous in the statement that the alleged agreement was formulated in different parts of the country. It may well be that some terms of the alleged contract were agreed upon in one place and others somewhere else.

Defendant claims that plaintiff has failed to set forth in detail the oral terms of the alleged agreement as required by paragraph "III B" of the order and has failed to give detailed particulars in answering paragraphs "V A" and "V C" of the order. Each of these particulars is set forth more in substance than in detail, but I think they are sufficient. The fact that the terms of this agreement are alleged to have been made in different places and over a period of time gives support to plaintiff's inability to set forth the particulars in the detail sought by the defendant. However, paragraph "V A" has a patent error in that it asserts that plaintiff "assisted plaintiff"; this should be changed to "assisted defendant".

Accordingly, the motion to dismiss for failure to properly comply with the order directing the submission of the bill of particulars is denied.

■ (3) Defendant moves to strike out paragraph "4" of the complaint on the ground that the documents submitted do not show an agreement between plaintiff and

defendant, and the oral terms are not properly furnished in the bill of particulars, thereby indicating that there was no agreement, either oral or written, between the plaintiff and defendant as alleged in paragraph "4" of the complaint.

I do not think that there is any such motion provided for by the Federal Rules of Civil Procedure. Rule 12(f) provides that any redundant, immaterial, impertinent or scandalous matter may be stricken from a pleading, but the present motion does not come within the terms of this rule. It is, in effect, a motion to dismiss for failure to state a claim upon which relief can be granted, since striking out paragraph "4" would render the complaint meaningless. This motion is denied for the reasons set forth above in denying defendant's motion to dismiss the complaint for failure to state a claim.

(4) Defendant moves to strike from the bill of particulars:

(a) The clause of paragraph "I A" beginning with the words "but in addition thereto there was an agreement with the American Laundry Machine Co." I am of the opinion that it should be made more definite and complete. The last part of the paragraph, from "and plaintiff reserves the right" to the end, is immaterial and unnecessary and should be stricken out. Plaintiff is directed to set forth the agreement with the American Laundry Machine Company in more specific terms, stating whether the agreement was oral or written; if oral to state the terms fully, and if written to set forth a copy.

(b) Paragraphs "III A" and "III B"—I have already found that these paragraphs are sufficient and the motion to strike them is denied.

(c) Paragraph "V B" on the ground that "the project" is not identified, and the last clause from "and this company became willing" to the end is redundant and immaterial. Apparently defendant is referring to paragraph "V C", and not "V B". The "project" is sufficiently identified by the complaint and other paragraphs of the bill of particulars. The last clause is directed to be stricken out as not pertinent or called for by the order for the bill of particulars.

(5) The motion to preclude the plaintiff from offering proof is denied.

Submit order in accordance with this opinion on two days' notice.